UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

| | |
|---|---|
| IN RE**:** | Case No. 21-40945-mlo |
| DOSHIA MARIE BANKS, | Chapter 13 |
| Debtor. | Hon. Maria L. Oxholm |

_____

DOSHIA MARIE BANKS

    Plaintiff,                                                            Adv Proc. No. 21-04091-mlo

v

WELLS FARGO BANK, N.A.;
IMPAC CMB TRUST SERIES 2005-3

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR CLARIFICATION

The matter is before the Court on Plaintiff Doshia Marie Banks' Motion for Clarification of Order Dated July 8, 2021 Denying Application for Pro Bono Attorney ("Motion"). [ECF No. 49]. While titled a motion for clarification, Plaintiff simply requests the court to reconsider the denial of her request for pro bono counsel because the attorney was sought for representation in the adversary proceeding and not for an appeal in the bankruptcy case, 21-40945. In the prayer for relief the Plaintiff also requests more time to respond to the Defendant's Motion to Dismiss. The Motion cites to no legal authority that would support the relief requested.

A brief review of the history of the case shows that the Plaintiff filed the adversary proceeding complaint on April 6, 2021. [ECF No. 1]. Plaintiff filed an Amended Complaint on May 12, 2021 to procure an injunction to prevent the Defendants from taking any actions against

certain real property and to have the Court determine the rights of the parties in the subject property. [ECF No. 24]. In lieu of a response, Defendant filed a Motion to Dismiss. [ECF No. 32].

Plaintiff filed her first motion requesting an extension of time to respond to Defendant's Motion to Dismiss on June 21, 2021, that was granted on June 22, 2021 to allow until July 6, 2021 for the response. [ECF Nos. 37, 39]. Plaintiff did not file the response. Instead, Plaintiff filed another motion requesting a further extension of time on July 6, 2021. [ECF No. 42]. Plaintiff also made an Application for Pro Bono Attorney ("Application"). [ECF No. 40]. In separate orders, the Court denied the application for pro bono counsel [ECF No. 44] and the request for a further extension of time to respond to the Motion to Dismiss [ECF No. 45].

Turning to the Plaintiff's Application for Pro Bono Attorney, the Court notes that information regarding the Pro Bono Program ("Program") is found on the website for the Bankruptcy Court for the Eastern District of Michigan. http://www.mieb.uscourts.gov/programs-services. The Program offers pro bono representation to debtors in certain limited types of bankruptcy litigation. Specifically, the Program provides,

> **II. Scope of Representation**
>
> The program provides representation ***only for*** individual debtors in actions under 11 U.S.C. § 523(a) (non-dischargeability) or § 727(a) (discharge objection), and for creditors in actions under 11 U.S.C. § 523(a)(5) or (15) (non-dischargeability of alimony, support or property settlement obligations), including post-judgment motions at the trial court level.

United States Bankruptcy Court Eastern District of Michigan, Pro Bono Program (2018), http://www.mieb.uscourts.gov/sites/default/files/probonoinfo/ProBonoProgram.pdf (emphasis added).

Plaintiff is neither a debtor in adversary proceedings related to the discharge and non-dischargeability of certain debts, nor is Plaintiff a former spouse of a debtor. Rather, Plaintiff filed an adversary complaint for a determination of the rights of the parties in certain real property. Thus, Plaintiff is not eligible for a pro bono attorney.[1]

Requests for an extension of time to file a response to a motion to dismiss are governed by Federal Rule of Bankruptcy Procedure 9006. The rule in relevant part states,

> …the court ***for cause shown*** may at any time ***in its discretion*** (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

FRBP 9006(b)(1) (emphasis added).

As stated earlier, the Court in its discretion granted the Plaintiff's first request for an extension of time. During the time afforded Plaintiff, she did not retain counsel or file the responsive pleading. Instead, on the day her response was due, she filed her Application and a second request for an extension of time because of her inability to retain counsel and have the Court appoint a pro bono attorney. As Plaintiff was not eligible for the Program and did not appear to have the ability to retain counsel, the Court in its discretion denied her request. Plaintiff has not cited any authority that would require the Court to grant another extension of time that would unnecessarily delay the proceedings.

The Court additionally notes that Debtor failed to cite to the appropriate authority or, to otherwise, demonstrate that a palpable defect occurred warranting the relief requested. To meet this standard, "[t]he movant shall not only demonstrate a palpable defect by which the court and

---

[1] A review of Plaintiff's Application shows that the Plaintiff checked the box that stated she was the plaintiff and requested "an exception to the defendant's discharge based on my assertion that the debt is one for alimony or child or spousal support, pursuant to 11 U.S.C. § 523(a)(5) or (15)." [ECF No. 40] This representation is clearly inaccurate and resulted in the denial of the Application.

the parties have been misled but also show that a different disposition of the case must result from a correction thereof." L.B.R. 9024-1(a)(3). "[A] motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Id*. Here, Plaintiff is merely requesting the same relief without any authority.

Thus, Plaintiff's Motion is DENIED.

**Signed on August 2, 2021**



/s/ Maria L. Oxholm
_____
**Maria L. Oxholm**
**United States Bankruptcy Judge**